UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VANESSA DEL MORAL,**

        **Plaintiff,**

v.                                                    **Case No: 6:14-cv-513-Orl-36GJK**

**ORLANDO LUTHERAN TOWERS, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED PLAINTIFF'S MOTION FOR REMAND** (Doc. No. 11)
>
> **FILED:** April 11, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I. BACKGROUND.**

On or about January 23, 2014, Plaintiff commenced this action against Defendant in the Ninth Judicial Circuit Court of Florida. Doc. No. 1 at ¶ 1. On or about March 11, 2014, Defendant was served with the first amended complaint (the "Complaint"), in which Plaintiff asserted the following causes of action: 1) sexual harassment under the Florida Civil Rights Act of 1992 ("FCRA") (Count I); 2) retaliation based on sexual harassment under the FCRA (Count II); 3) national origin discrimination under the FCRA (Count III); 4) retaliation based on national origin discrimination under the FCRA (Count IV); 5) sexual harassment under Title VII of the Civil

Rights Act of 1964 ("Title VII") (Count V); 6) retaliation based on sexual harassment under Title VII (Count VI); 7) national origin discrimination under Title VII (Count VII); 8) retaliation based on national origin under Title VII (Count VIII); 9) unpaid minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (Count IX); 10) retaliation under the FLSA, 29 U.S.C. § 215(a)(3) (Count X); 11) breach of contract (Count XI); and 12) violation of the Florida Whistle Blower's Act ("FWBA") (Count XII).  Doc. Nos. 1 at ¶ 4; 2.

On March 28, 2014, Defendant removed the action to this Court on the basis of federal question jurisdiction.  Doc. No. 1 at ¶ 4.  On March 31, 2014, Plaintiff filed a Notice of Voluntary Dismissal of Claims ("Notice"), in which she voluntarily dismissed each count which alleged a federal cause of action (i.e., Counts V, VI, VII, VIII, IX, and X).  Doc. No. 5.  On April 1, 2014, the Court entered an order approving the Notice and dismissing Counts V, VI, VII, VIII, IX, and X.  Doc. No. 6.

## II.     THE MOTION.

On April 11, 2014, Plaintiff filed an Amended Motion for Remand (the "Motion").  Doc. No. 11.  In her Motion, Plaintiff requests that the Court decline to exercise supplemental jurisdiction over the remaining state claims.  Doc. No. 11.  In support of her request, Plaintiff argues that the Court should decline supplemental jurisdiction because all of her federal claims have been dismissed and it is early in the action.  Doc. No. 11 at 3.

On April 24, 2014, Defendant filed a Memorandum in Opposition to Plaintiff's Amended Motion for Remand.  Doc. No. 17.  Defendant argues that the Court should retain jurisdiction over this action for three (3) reasons: 1) Plaintiff's dismissal of her federal claims is an inappropriate means of forum shopping; 2) the remaining Florida state causes of action – with the exception of breach of contract – are "construed in conformity with federal cases interpreting Title VII[;]" and

3) remand would prejudice Defendant and its right to remove.  Doc. No. 17 at 4-10.  In the event the Court remands the action to state court, Defendant requests that the Court condition remand on Plaintiff paying its attorneys' fees and costs "incurred in removing the case to federal court, drafting an answer and affirmative defenses to the federal claims, and in opposing the Plaintiff's Motion."  Doc. No. 17 at 10 n.7.

On June 13, 2014, Plaintiff filed a Reply to Defendant's Memorandum in Opposition to Plaintiff's Amended Motion for Remand.  Doc. No. 23.  In response to Defendant's argument that she is engaging in forum shopping, Plaintiff argues that courts in this District routinely grant motions to remand after a plaintiff voluntarily dismisses his or her federal claim(s).  Doc. No. 23 at 2-4 (citing *U.S. Bank Nat. Ass'n v. Potchen*, Case No. 6:13-cv-1948-Orl-28TBS, 2014 WL 325707 (M.D. Fla. Jan. 29, 2014); *Brooks v. Equable Ascent Fin.*, Case No. 6:13-cv-667-Orl-37DAB, 2013 WL 1830693 (M.D. Fla. May 1, 2013); *Boatright v. Sch. Bd. of Polk Cnty.*, *Fla.*, Case No. 8:08-cv-1070-T-33TBM, 2009 WL 806801 (M.D. Fla. Mar. 27, 2009); *Farrell v. G.M.A.C.*, Case No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909 (M.D. Fla. Apr. 15, 2008)).  In light of these cases, Plaintiff argues that her Motion for remand "is entirely proper and is consistent with the practice and procedure followed in [this District]."  Doc. No. 23 at 3-4.  Plaintiff further argues that Defendant is not entitled to attorneys' fees and costs if the action is remanded.  Doc. No. 23 at 4-5.

## III.   LAW.

Subject-matter jurisdiction is determined at the time of removal, and, thus, for cases removed from state to federal court, "[l]ater changes to the pleadings do not impact the court's exercise of supplemental jurisdiction."  *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007) (per curiam) (citing *Poore v. American-Amicable Life Ins. Co. of Tex.*,

218 F.3d 1287 (11th Cir. 2000); *Behlen v. Merrill Lynch*, 311 F.3d 1087 (11th Cir. 2002)).[1] However, a court may decline to exercise supplemental jurisdiction over state law claims where the claims giving rise to federal question subject-matter jurisdiction have been dismissed. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). In deciding whether to exercise supplemental jurisdiction over a case, the court must consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350)). The court may also consider whether the plaintiff has engaged in manipulative tactics to defeat removal and secure a state forum. *Carnegie-Mellon Univ.*, 484 U.S. at 357. Supplemental jurisdiction "thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* at 350.

## IV.     ANALYSIS.

Principles of judicial economy weigh in favor of remand. Generally, courts decline to exercise supplemental jurisdiction and remand an action to state court when the action is in its early stages. *See, e.g.*, *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7)). Here, although discovery has commenced since the Motion was filed,

---

[1] The decision of the Eleventh Circuit Court of Appeals in *Poore* was subsequently overruled on other grounds in *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) (citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007)).

the case, nevertheless, remains in its early stages. *See Lake Cnty. v. NRG/Recovery Grp., Inc.*, 144 F.Supp.2d 1316, 1320-21 (M.D. Fla. 2001) (remanding case where, among other reasons, the case and discovery were in the very early stages).[2] Only three days after this case was removed to this Court Plaintiff voluntarily dismissed all federal claims. Doc. No. 5. Neither party has filed any substantive motions with the Court. Accordingly, the Court has not yet expended a significant amount of judicial labor and time in this case and thus remand at this stage of the proceedings would not require a state court to duplicate the efforts of this Court.

Principles of comity weigh against remand. Generally, claims arising under the FCRA and FWBA are construed in conformity with similar claims asserted under Title VII. *See, e.g.*, *Byrd v. BT Foods, Inc.*, 948 So.2d 921, 925 (Fla. 4th DCA 2007) (indicating that "[t]he FCRA is modeled after Title VII, so that federal case law regarding Title VII is applicable to construe the Act") (citing *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So.2d 1028, 1030 (Fla. 1st DCA 2002)); *Rice-Lamar v. City of Fort Lauderdale*, 853 So.2d 1125, 1132-33 (Fla. 4th DCA 2003) (applying Title VII retaliation analysis to claim arising under FWBA). Therefore, Plaintiff's claims under the FCRA and FWBA will likely not require this Court to decide novel issues of state law. Further, the Court is familiar with adjudicating claims for breach of contract under Florida law. Therefore, principles of comity do not favor remand.

While the Court recognizes that forum manipulation is a legitimate and serious concern when a plaintiff, as in this case, dismisses his or her federal claims that were the basis for federal jurisdiction and moves to remand, that concern does not require a "blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Carnegie-Mellon Univ.*, 484 U.S. at 356 n.12. "A district court can consider whether the plaintiff has

---

[2] Discovery officially commenced on May 8, 2014, the date on which the parties held their Rule 26(f) case management conference. Doc. No. 20 at 3; Fed. R. Civ. P. 26(d)(1); Local Rule 3.05(c)(2).

engaged in any manipulative tactics when it decides whether to remand a case" but that behavior is only taken into account as part of "the balance of factors" for determining whether remand is appropriate. *Id*. at 357. Therefore, there is no "categorical prohibition" on remanding in these circumstances "regardless of whether the plaintiff has attempted to manipulate the forum[.]" *Id*. Here, there is little doubt that Plaintiff dismissed her federal claims so that she could request the case be remanded to state court. While such tactics are not condoned, the undersigned finds that in this particular case the considerations which support remand, namely, the stage of the proceeding and judicial economy, outweigh Plaintiff's manipulative motive.[3]

In balancing the various factors, the undersigned finds that remand is appropriate. While the principle of comity does not favor remand and Plaintiff's motive for dismissing her federal claims is not condoned, the fact that the case is still in its early stages, the Court has not decided an substantive issues, and the Court has expended limited resources in connection with the case are enough to tip the scales in favor of remand.[4] Accordingly, it is **RECOMMENDED** that the Motion be granted.

In light of the foregoing recommendation, Defendant requests that the Court condition remand on Plaintiff's payment of its attorneys' fees and costs "incurred in removing the case to federal court, drafting an answer and affirmative defenses to the federal claims, and in opposing the Plaintiff's Motion." Doc. No. 17 at 10 n.7 (citing 28 U.S.C. § 1447(c); *Young v. Roy's Rest.*, Case No. 6:06-cv-178-Orl-19JGG, 2006 WL 2598962 (M.D. Fla. Sept. 11, 2006)). The award of

---

[3] Assuming Plaintiff wishes to pursue only state law claims, any concern about manipulation could be addressed by barring Plaintiff from pursuing any federal law claims on remand. *See Garcia v. Cullen*, Case No. 6:12-cv-650-Orl-28DAB, 2012 WL 1988131, at *2 (M.D. Fla. May 14, 2012) *report and recommendation adopted*, 2012 WL 1986623 (M.D. Fla. June 4, 2012). However, such a condition has not been requested in this case.

[4] In reaching this conclusion the undersigned also considered the convenience of the parties, and finds that it favors neither party since this Court and the state court are separated by less than a mile.

attorney fees under § 1447(c) concerns the propriety of the *removal*, and, thus, an award of fees under § 1447(c) is made, if at all, to the non-removing party based on whether "the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, the removing party is requesting fees for remand, so § 1447(c) does not apply. *See Shelley v. City of Headland*, 2009 WL 2171898, at *3 n.4 (M.D. Ala. July 21, 2009) (denying defendant's request for fees pursuant to § 1447(c) where the case was remanded because the court declined to exercise supplemental jurisdiction over plaintiff's state law claims).

In *Young*, the defendants removed the case from state court on the basis of federal question jurisdiction. *Young*, 2006 WL 2598962, at *1. Plaintiff subsequently filed an amended complaint four (4) months after the case was removed to federal court, in which she omitted all of her federal claims. *Id*. Given the omission of her federal claims, plaintiff filed a motion to remand the case to state court. *Id*. The Court denied the Motion. *Id*. In a renewed effort to return the case to state court, plaintiff filed a motion to voluntarily dismiss her amended complaint without prejudice. *Id*. The Court granted the motion subject to defendant's request for attorney fees and costs, noting that the "interests of justice and the mandate of Rule 41(a)(2), would best be served by awarding [defendants] attorneys' fees and court costs associated with filing the notice of removal and defending against [p]laintiff's Motion to Remand" because plaintiff admitted that she amended her complaint for the sole purpose of defeating federal question jurisdiction. *Id*. at *3. This action is distinguishable from *Young*, in that Plaintiff moved for remand shortly after the case was removed and has not requested that the case be dismissed pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure.[5] In light the foregoing, the undersigned finds that *Young* does not support an

---

[5] Notably, Defendant does not cite any authority wherein the court found a plaintiff dismissed all federal claims for the sole purpose of remanding the case back to state court, declined to exercise supplemental jurisdiction over the remaining state claims, and awarded the defendant attorneys' fees and costs incurred as a result of removing the case to federal court. *See* Doc. No. 17 at 10 n.7.

award of attorney fees and costs. Accordingly, it is **RECOMMENDED** that the Court deny Defendant's request for attorneys' fees and costs.

V.     CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 11) be **GRANTED**;

2. The Court decline to exercise supplemental jurisdiction;

3. The case be remanded to state court; and

4. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 25, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy